ONE FIFTY-SEVEN PRINCE STREET CORPORATION, Plaintiff, *v.* PEARL MICHELINI, Defendant.

Supreme Court, Special Term, New York County, March 5, 1945.

*Clarence Kempner* for plaintiff.

*Nathan Marcus* and *Joseph R. Marro* for defendant.

SHIENTAG, J. Plaintiff moves for summary judgment. In its brief, it elects to proceed solely on its second cause of action and withdraws its demand for any relief except a money judgment for $1,530.93 with interest.

Plaintiff was the owner of a parcel of real property which it contracted to sell to defendant. At the time of the contract the premises were subject to the lien of an assessment for $2,880.90 with interest. The contract provided that the premises were to be conveyed free and clear of this lien. At the time of closing title the lien, with interest, amounted to $2,934.77 and that sum was allowed to defendant in reduction of the agreed purchase price. The balance of the price was paid by defendant and the property was conveyed to her.

Thereafter the Appellate Division held (*Matter of City of New York* [*Sixth Ave. El. R. R.*], 265 App. Div. 200), upon a review of the assessment, that a wrong method of computation had been adopted at Special Term and ordered a new hearing. The Board of Estimate then agreed to a compromise of the City's claim and reduced the assessment on the parcel here in question to $1,403.84. Plaintiff has demanded the return of $1,530.93, the amount by which its allowance on the closing exceeded the assessment as reduced. The demand was refused and plaintiff sues to recover that sum on the theory of unjust enrichment.

The credit voluntarily allowed to defendant on account of the assessment is not shown to have been the result of any mistake of fact. Title was closed upon terms which recognized the actual assessment then in existence against the property. No provision was made in the contract of sale, or on the closing, for the benefit of the plaintiff, in the event of a possible reduction in the assessment or to protect defendant against a possible increase. They chose to treat the existing assessment as a finality and thus neither party could have any claim against the other by reason of any subsequent modification.

The motion is accordingly denied.